UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYRONE JUDE WHITTINGTON | CIVIL ACTION |
| VERSUS | NO. 13-0561 |
| STATE OF LOUISIANA, NEWELL NORMAND, LT. GARY COOK, LT. S. ABADIE, LT. S. CARTER | SECTION "E"(4) |

### ORDER AND REASONS

The *pro se* plaintiff, Tyrone Jude Whittington, filed *ex parte* a pleading entitled **"Motion for Plaintiff to be Allowed Sufficient Time and the Release of All Documents, Medical Records, Cameras Footage etc. an all Evidence/Documents Produced Pursuant to Subpoena Duces Tecum" [sic] (Rec. Doc. No. 24)**. Whittington seeks sufficient time to gather documentary and other evidence needed to prove his 42 U.S.C. § 1983 claims against the defendants and to have the Jefferson Parish Correctional Center provide certain video, documents, records and handbooks to him, the defendants, and the Court.

As an initial matter, the Court has not scheduled pretrial deadlines or discovery cutoffs that would limit the time Whittington has to pursue discovery. His motion is moot in that regard.

Whittington's motion also is not a proper means of obtaining the documents or other materials. Neither his *pro se* nor pauper status entitle him to avoid the costs of discovery or the costs of serving any necessary subpoenas to obtain these items. *See Badman v. Stark*, 139 F.R.D. 601,

604-05 (M.D. Pa. 1991).[1] Whittington instead must present any discovery and production requests directly to the appropriate party or non-party in accordance with Fed. R. Civ. P. 34 and/or 45.

To the extent he requests this Court to compel discovery from a defendant or a non-party, he has not indicated any attempt to obtain the information directly from the appropriate party or non-party such to warrant intervention by the Court to compel responses under Fed. R. Civ. P. 37. In addition, pursuant to Fed. R. Civ. P. 37(a)(1), the plaintiff also is required to provide a certification that he conferred with opposing counsel to amicably resolve any discovery dispute and to state why they were unable to agree or that opposing counsel refused to so confer after reasonable notice. Whittington has not included a certification of this kind nor has he indicated in any other manner that he attempted to amicably resolve the discovery issues alleged before filing this motion. Thus, he is not entitled to a court order to compel discovery responses at this time. Accordingly,

**IT IS ORDERED** that Whittington's **"Motion for Plaintiff to be Allowed Sufficient Time and the Release of All Documents, Medical Records, Cameras Footage etc. an all Evidence/Documents Produced Pursuant to Subpoena Duces Tecum"** [sic] (Rec. Doc. No. 24) is **DENIED**.

New Orleans, Louisiana, this 10th day of October, 2013.

                                                 KAREN WELLS ROBY
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] In *Badman*, the court noted: "The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*. That the court may order a discovering party to pay the reasonable costs of a non-party's compliance with a subpoena *duces tecum* finds support among said Rules." *Badman*, 139 F.R.D. at 605 (citations omitted). Plaintiff has made no provision for the costs of discovery and it is appropriate to deny his requests for the issuance of subpoenas duces tecum. *Id.*